IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE ANTONIO TRINIDAD-QUILES,

    Plaintiff,

    v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Civil No. 09-2178 (JAG/BJM)

## REPORT AND RECOMMENDATION

Plaintiff José Antonio Trinidad-Quiles ("Trinidad") filed a *pro se* complaint (Docket No. 2) seeking judicial review of an adverse decision of the defendant, Commissioner of Social Security ("Commissioner"), finding that Trinidad was not disabled and was able to perform his past type of work, and therefore, not entitled to disability benefits under Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. § 416(i) and 423.   The Commissioner answered the complaint and filed the transcript of the administrative record.   This case was referred to me by the presiding district judge for a report and recommendation. (Docket No. 28).   After careful review of the administrative record and the briefs on file, I recommend that the Commissioner's decision be AFFIRMED.

## LEGAL STANDARD

The court's review is limited to determining whether the Administrative Law Judge ("ALJ") employed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).   The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.   Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir.1999); Da Rosa v. Sec'y of Health and Human Servs., 803 F.2d 24, 26 (1st Cir.1986); Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir.1991).   The court "must affirm the [Commissioner's] resolution, even if the record

José A.Trinidad-Quiles v. Commissioner of Social Security                                                    Page 2
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

arguably could justify a different conclusion, so long as it is supported by substantial evidence."

Rodríguez Pagán v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

The burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act ("Act"). Bowen v. Yuckert, 482 U.S. 137, 146-47, n.5 (1987). A claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is unable to engage in any substantial gainful activity when he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[1] 42 U.S.C. § 423(d)(2)(A). In determining whether a plaintiff is disabled, the ALJ must consider all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a plaintiff is disabled. 20 C.F.R. § 404.1520; see also Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health and Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). In step one, the ALJ determines whether the plaintiff is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two, through which it is determined whether the plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. However, if the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in which it is determined whether the plaintiff has an impairment equivalent to a specific list of impairments contained in the regulations' Appendix 1, which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404,

---

[1] The phrase "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

José A.Trinidad-Quiles v. Commissioner of Social Security                                    Page 3
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

subpart P, App. 1.  If the impairment meets or equals one of the listed impairments, the plaintiff is

conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed

to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines

whether the impairment prevents the plaintiff from performing the work he has performed in the

past.  If the plaintiff is able to perform his previous work, he is not disabled.  20 C.F.R. §

404.1520(e).  If it is determined that the plaintiff cannot perform this work, then the fifth and final

step of the process calls for a determination of whether the plaintiff is able to perform other work

in the national economy in view of his or her residual functional capacity ("RFC"), as well as age,

education, and work experience.  If the plaintiff cannot, then he is entitled to disability benefits.  20

C.F.R. § 404.1520(f).

   The plaintiff has the burden, under steps one through four, of proving that he cannot return

to his former employment because of the alleged disability.  Santiago v. Sec'y of Health and Human

Servs., 944 F.2d 1, 5 (1st Cir. 1991) per curiam.  Once a claimant has demonstrated a severe

impairment that prohibits return to her previous employment, the Commissioner has the burden,

under step five, to prove the existence of other jobs in the national economy that the claimant can

perform.  Ortiz v. Sec'y of Health and Human Servs., 890 F.2d 520, 524 (1st Cir. 1989).

### FACTUAL AND PROCEDURAL BACKGROUND

   Trinidad was born June 22, 1963 and was 43 years old on March 31, 2007, the last date he

was insured. (Docket No. 12, pgs. 18, 55, 218).  He has a ninth grade education.  (Docket No. 12,

p. 67).  Plaintiff last worked as a farmhand maintenance employee with Silven Maintenance.

(Docket No. 12, p. 221).  There, he cleaned the floor with water hoses and carried feed using a

wheelbarrow that carried up to three-hundred pounds of animal food. (Docket No. 12, p. 221).  This

farmhand job is classified as an unskilled job requiring exertion of 50-100 pounds of force on

occasion and 25-50 pounds of force frequently.  The physical demands for this position are

considered heavy physical labor. Dictionary of Occupational Titles, Occupational Code 421.687-010

(LEXIS, 2001).

José A.Trinidad-Quiles v. Commissioner of Social Security                                    Page 4
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

On June 1, 2005, Trinidad filed an application for disability and disability insurance. He alleged disability beginning February 15, 2002 through March 31, 2007. (Docket No. 12, p. 18). The claim was denied twice. The first denial occurred on June 1, 2005 and, later, on June 21, 2006 upon reconsideration. (Docket No. 12, p. 18). Trinidad filed a timely written request for a hearing before an ALJ on July 27, 2006. The hearing occurred on August 17, 2007 in San Juan, Puerto Rico. Trinidad testified before ALJ Gregui J. Mercado. (Docket No. 12, pgs. 18, 26). The ALJ determined that the issue before him was whether Trinidad was disabled under sections 216(i) and 223(d) of the Social Security Act. (Docket No. 12, p. 18).

The ALJ found that Trinidad had not engaged in substantial gainful activity from February 15, 2002 through March 31, 2007. Trinidad allegedly had several medically severe impairments that had more than minimal effect on his ability to perform basic work-related activities. Namely, he had an anxiety disorder, a breast fibroma, and chronic lower back pain. (Docket No. 12, p. 20 ¶3). The ALJ considered the opinions of the state agency's medical and expert consultants and found that Trinidad did not have an impairment or combination of impairments that met or medically equaled an impairment listed in the regulations' Appendix 1. (See 20 C.F.R. part 404, Subpart P, Appendix; 20 C.F.R. 404.1520(d), 404.1525, and 404.1526). In evaluating whether Trinidad had an RFC, the ALJ evaluated Trinidad's restrictions in daily living activities and difficulties in concentration, persistence or pace. The ALJ found mild restrictions in daily activities and mild difficulties in concentration. (Docket No. 12, p. 21). Further, the ALJ found that a mental impairment must cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation. Trinidad's consultative psychiatrist and consultative internist found his concentration, attention, and judgment were preserved and that he did not experience episodes of decompensation. (Docket No. 12, pgs. 21, 23). His treating psychiatrist, on the other hand, found his concentration was diminished. (Docket No. 12, p. 21, 209). Both psychiatrists diagnosed Trinidad with Generalized Anxiety Disorder. (Docket No. 12, p. 23, 137, 209). The ALJ analyzed the severity of Trinidad's mental impairment as it is assessed in steps two and three of the sequential

José A.Trinidad-Quiles v. Commissioner of Social Security                                       Page 5
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

evaluation process.  Failing to meet the step two and three threshold necessarily fails the more

detailed step four mental RFC assessment. (Docket No. 12, p. 21).  The ALJ then translated the step

two and three mental evaluation into work-related functions in the RFC assessment in step four.

(Docket No. 12, p. 21).

　　The ALJ noted that Trinidad received treatment for his alleged herniated disc in 2000 and

2001 while he remained employed. (Docket No. 12, pgs. 23, 106-111, 168-177, and 185-186).  The

record shows no additional evidence of treatment for his back condition since 2001.  Spinal x-rays

revealed well preserved disc spaces and no bone destruction was identified. (Docket No. 12, pgs.

23, 185).  A consultative neurologist evaluated Trinidad and found normal motor and sensory exam

after testing his tendon reflexes, straight leg raising, and gait.  The doctor found Trinidad was able

to walk on his heels and toes without difficulty and that he had neither exertional limitations nor

neurological deficits. (Docket No. 12, pgs. 24, 128).  Further, he had no recurrence of a breast

fibroma or complications due to the surgery needed to remove the fibroma. (Docket No. 12, pgs.

24, 179, 181, 194, 201).

　　In evaluating Trinidad's record, the ALJ deferred to the consultative psychiatrist and

consultative neurologist. (Docket No. 12, p. 24).  The ALJ found that Trinidad's treating

psychiatrist's (Dr. Victor J. Mariano ("Mariano")) report was not in accord with the consultative

psychiatrist (Dr. Indra Febles ("Febles")) and consultative neurologist (Dr. Oscar J. Benitez

("Benitez")) who both consistently described the plaintiff as alert, tranquil, and oriented. (Docket

No. 12, p. 24).  Further, Benitez found him cooperative, without speech defect, and a good

informant.  Mariano, on the other hand, found Trinidad disoriented in time, with diminished

memory, attention, and concentration, and very poor judgment and insight. (Docket No. 12, p. 24).

The ALJ states that Trinidad began seeing Mariano only five days before filing for Social Security

benefits in 2005, although he allegedly began to experience despair, apprehension, muscle tension,

and poor sleep, *inter alia*, since 2002. (Docket No. 12, p. 23, 207).  The ALJ stated that if Trinidad's

emotional impairment was severe, persistent, and limiting, the record would have reflected it.  It did

José A.Trinidad-Quiles v. Commissioner of Social Security                              Page 6
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

not. (Docket No. 12, p. 24). The ALJ finally noted that Trinidad's behavior at the hearing did not

denote overt mental or physical distress and showed he was alert, logical, and oriented. (Docket No.

12, p. 24). No evidence of confusion or disorientation was observed. (Docket No. 12, p. 24).

Finally, the ALJ found that Trinidad's statements regarding the intensity, persistence, and limiting

effects of his symptoms were not entirely credible. (Docket No. 12, p. 23).

   After considering all the evidence, the ALJ determined that Trinidad was not disabled

because he maintained an RFC to lift and carry 50 pounds frequently and 100 pounds occasionally.

He was able to stand, walk, and sit for six hours in an eight hour workday and could perform simple,

repetitive, and routine work activities. (Docket No. 12, p. 21). Trinidad has no long term use of pain

medication for his back pain and no severe loss of movement, sensation, or reflexes. Finally,

although he suffers from a mental condition, the preponderance of the psychiatric evidence shows

this condition does not preclude Trinidad from performing simple and routine work-related activities.

## DISCUSSION

   The analysis in this case centers on the ALJ's determination at step four in the sequential

evaluation process contained in 20 C.F.R. § 404.1520. At step four, the ALJ will consider the

assessment of the plaintiff's RFC and his past relevant work. 20 C.F.R. § 404.1520(f). If the

plaintiff can still perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). This

court must determine whether the ALJ's decision was based upon substantial evidence. Plaintiff has

the burden of proving that he no longer has the RFC to perform farmhand maintenance work.

Plaintiff contests the ALJ's findings and states that his symptoms suggest a greater level of severity

than objective medical evidence can show. (Docket No. 27 ¶2).

   Plaintiff claims that, in spite of the ALJ's determination, he still has a severe disability that

prevents him from standing or sitting for more than ten minutes at a time. (Docket No. 27, p. 1;

Docket No. 12, p. 224). Trinidad further states that he is unable to bend forward or lift objects from

the floor. (Docket No. 27, p. 1 ¶4). Trinidad's statements, however, end there. Trinidad bears the

burden of proving that he cannot return to his former type of work. Gray v. Heckler, 760 F.2d 369,

José A.Trinidad-Quiles v. Commissioner of Social Security                              Page 7
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

372 (1st Cir. 1985) (citing Pelletier v. Sec'y of Health, Education and Welfare, 525 F.2d 158, 160

(1st Cir. 1975; Pitchard v. Schweiker, 692 F.2d 198, 201 n.2 (1st Cir. 1982)).  That obligation

requires him to present evidence relating to the specific demands of the type of job he can no longer

perform.  Id.  A claimant's statement as to his pain shall not alone be conclusive evidence of

disability.  There must be medical signs and findings, established by medically acceptable clinical

or laboratory diagnostic techniques, which show the existence of a medical impairment which could

reasonably be expected to produce the pain alleged.  42 U.S.C.S. § 423(d)(5)**; Avery v. Sec'y of**

**Health and Human Services, 797 F.2d 19, 20-1 (1st Cir. 1986).**  Further, on appeal, a party

advancing a legal claim must make a respectable effort to argue it, supplying pertinent authorities

or accounting for their lack.  At least where the proposition is open to doubt, it is not enough to

assert it and hope the court will do the research.  Cambridge Literary Properties, Ltd. v. Goebel

Porzellanfabrik G.m.b.H. & Co., 295 F.3d 59, 67 (1st Cir. 2002).  Trinidad failed to meet his burden

of proof; therefore, the only matter left to determine is whether the ALJ's decision was based upon

substantial evidence.

        The ALJ reviewed Trinidad's testimony and medical documentation provided by several

physicians. (Docket No. 12).  He took into account a neurological evaluation (Docket No. 12, pgs.

127-33), x-ray evaluations relating to his back pain (Docket No. 12, pgs. 185-86), a history of a

surgically removed breast fibroma (Docket No. 12, pgs. 165-67, 179), psychiatric evaluations

(Docket No. 12, pgs. 91, 135-46, 202-213), and a residual functional capacity assessment performed

by a physician (Docket No. 12, pgs. 149-156).  All of the evidence revealed that there was no

objective evidence of physical deficits that would prevent Trinidad from performing the functions

of a farm hand maintenance worker.  Further, in evaluating the credibility of the medical evidence

before him, the ALJ found that Trinidad's statements regarding the intensity, persistence, and

limiting effects of the symptoms were not entirely credible.  (Docket No. 12, p. 23).  The ALJ

observed the claimant, evaluated his demeanor, and supported his credibility determination and

assessment with specific findings. Frustraglia v. Sec'y of Health and Human Services, 829 F.2d 192,

José A.Trinidad-Quiles v. Commissioner of Social Security                                    Page 8
Civil No. 09-02178 (JAG/BJM)
**REPORT AND RECOMMENDATION**

195 (1st Cir. 1987)(citing <u>Da Rosa v. Sec'y of Health and Human Services</u>, 803 F.2d 24, 26 (1st Cir.

1986).   Based on these firsthand assessments, an ALJ's credibility determination is entitled to

deference.  <u>Id.</u>; <u>Morales v. Sec'y of Health and Human Services</u>, 1992 U.S. App. LEXIS 24038 *29

(1st Cir. Sept. 29, 1992).   Based on the evidence submitted, the ALJ determined that the

preponderance of the evidence does not reveal a basis for disabling physical pain.  (Docket No. 12,

p. 25).  Further, even if Trinidad's mental impairment caused him depression, it at most precludes

him from performing complex tasks.  (Docket No. 12, p. 25).  In sum, the ALJ's decision is based

on substantial evidence on the record.  As such, this court is bound by the ALJ's determination.

Therefore, I recommend that it be affirmed.

<u>CONCLUSION</u>

For the reasons stated above, I recommend that the ALJ's decision be **AFFIRMED**.  This

report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local

Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk

of Court within fourteen days of its receipt.   Failure to file timely and specific objections to the

report and recommendation is a waiver of the right to appellate review.  <u>See</u> <u>Thomas v. Arn</u>, 474

U.S. 140, 155 (1985); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch Co.</u>

<u>v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health &</u>

<u>Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

At San Juan, Puerto Rico, on this 1ˢᵗ day of December, 2010.


*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge