**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSE A. TRINIDAD QUILES

> **Plaintiff**

> v.

COMMISIONER OF SOCIAL SECURITY

> **Defendants**

**CIVIL NO.** 09-2178 (JAG)

**OPINION AND ORDER**

On November 11, 2009, José A. Trinidad Quiles ("Plaintiff") appearing *pro se* sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying his request of disability insurance benefits (Docket No. 2). The Commissioner filed a Motion Requesting an Order Affirming the Final Decision (Docket No. 22). Plaintiff, on the other hand, failed to file a memorandum in support of his petition notwithstanding the fact that the Court granted him several extensions of time to do so. (Docket Nos. 8; 18; 24; 26).

On September 27, 2010, the case was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 28). On December 1, 2010, the Magistrate Judge issued a Report and Recommendation advising the Court to affirm the Commissioner's decision. (Docket No. 30).

Civil No. 09-2178 (JAG)                                                    2

Within the prescribed period to file objection, Plaintiff requested an extension of time in order to find legal representation. (Docket No. 31). The Court granted the extension and advised him to request the appointment of a *pro bono* counsel. (Docket No. 32). Plaintiff completed the necessary documentation and the Clerk appointed an attorney. (Docket No. 35).

Plaintiff, through the newly appointed counsel, filed Objections to the Report and Recommendation. (Docket No. 39). He argues, in essence, that the Magistrate Judge erred in finding that the evidence revealed that there was no objective evidence of physical deficits that would prevent him from performing any gainful activity and in finding that his testimony was not entirely credible. The Commissioner filed a brief response requesting that the Court affirm his decision. (Docket No. 40).

After a careful review of the transcript of the proceedings before the Bureau of Hearings and Appeals (Docekt No. 12) and the parties' arguments before this Court, we conclude that the Commissioner's findings are supported by substantial evidence.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals,</u>

Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely
affected party may "contest the [m]agistrate [j]udge's report
and recommendation by filing objections 'within ten days of
being served' with a copy of the order." United States v.
Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28
U.S.C. § 636(b)(1)). If objections are timely filed, the
district judge shall "make a *de novo* determination of those
portions of the report or specified findings or recommendation
to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g
Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). It is well
settled that a district court can "accept, reject, or modify, in
whole or in part, the findings or recommendations made by the
magistrate." Alamo Rodriguez, 286 F. Supp. 2d at 146 (citing
Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.
1985)). However, if the affected party fails to timely file
objections, the district court can assume that they have agreed
to the magistrate judge's recommendation. Id.

## ANALYSIS

To establish entitlement to benefits, Plaintiff bears the
burden of proving that he became disabled within the meaning of
the Act. See, e.g., Deblois v. Secretary of HHS, 686 F.2d 76,
79 (1st Cir. 1982). Plaintiff may be considered disabled within
the meaning of the Act only if he is unable to perform any
substantial gainful work because of a medical condition that can

Civil No. 09-2178 (JAG)                                                4

be expected to last for a continuous period of at least 12 months.  See 42 U.S.C. §§ 416(i)(1), 423(d)(1).  Plaintiff's impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. See 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Plaintiff must also be precluded from engaging in any substantial gainful activity by reason of such impairment.  See, e.g., McDonald v. Secretary of HHS, 795 F.2d 1118, 1120 (1st Cir. 1986).  Moreover, Plaintiff's complaints cannot provide the basis of entitlement when they are not supported by medical evidence.  Avery v. Secretary of HHS, 797 F.2d 19, 20-21 (1st Cir. 1986).

The findings of fact made by the Administrative Law Judge ("ALJ") "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts.  See Rodriguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Civil No. 09-2178 (JAG)                                               5

        After a careful *de novo* review of the record, the Court
finds that the Magistrate Judge did not err in concluding that
that substantial evidence supports the Commissioner's decision.
That is, that Plaintiff is not disabled and that he has not met
his burden of proving otherwise. A review of the transcript
shows that there is substantial evidence, i.e. reports from the
consultative psychiatrist and neurologist, to support a finding
regarding that fact that Plaintiff's mental condition is not
disabling. The ALJ's finding of fact in this regard is supported
by substantial evidence and is, therefore, conclusive. It was
the ALJ's prerogative to solve the conflict between the report
filed by the consultative physicians and the report prepared by
Plaintiff's psychiatrist and Plaintiff's own testimony. It was
also the ALJ's prerogative to gage Plaintiff's credibility
during his testimony.

        The ALJ also had substantial evidence before him to support
a finding that Plaintiff is not physically disabled due to his
back pain. Spinal Xrays reveal narrow disc spaces and severe
narrowing at certain levels, loss of the vertebral body height
and presence of osteophytes or bone spurs. However, the Xrays
also reveal that the vertebral bodies are intact, normally
aligned and that no acute pathology is present. The record also
shows that Plaintiff has not received any medical treatment for
his back since 2002, when he was treated for a herniated disc.

Civil No. 09-2178 (JAG)                                                    6

The Court finds that the ALJ was correct in concluding that the
Xrays do not reveal a physical disability that would prevent
Plaintiff from engaging in gainful work. Even when his symptoms
are considered severe and he might be experiencing constant
pain,, the evidence simply does not support a finding of
complete disability.

**CONSLUSION**

For the reasons set forth above, the Court hereby **ADOPTS**
the Magistrate Judge's Report and Recommendation in its entirety
and, accordingly, **GRANTS** the Commissioner's Motion Requesting an
Order Affirming the Final Decision. (Docket No. 22). Judgment
dismissing the case shall be entered.


IT IS SO ORDERED.


In San Juan, Puerto Rico, this 12th day of April, 2011.


                                    S/ Jay A. Garcia-Gregory
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge